**MEMORANDUM ENDORSED**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK
### Case No. 7:19-CV-08699-NSR

**ANTHONY DELLA MURA,**
    **Plaintiff,**

**versus**

**LAWRENCE PORCARI; THE CITY OF MOUNT VERNON; RICHARD THOMAS; BENJAMIN MARABLE; and THE MOUNT VERNON BOARD OF WATER SUPPLY,**
    **Defendants.**

_____/

*Deft. Porcari's motion is denied without prejudice for failure to follow my Individual Rules (See Sec. 3.A. ii). Clerk of the Court requested to terminate the motion (doc. 41).*
*Dated: Nov. 19, 2019*

*SO ORDERED:*

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

### MOTION OF DEFENDANT PORCARI TO DISMISS COMPLAINT; REQUEST FOR HEARING; REQUEST FOR FEES AND COSTS; INCORPORATED MEMORANDUM OF LAW

Defendant Lawrence Porcari, pursuant to Rule 12 of the Federal Rules of Civil Procedure, moves to dismiss the complaint (DE1), for the reasons stated.

### I.   INTRODUCTION.

1)   The Complaint should be dismissed in its entirety as to Lawrence Porcari, who was Mount Vernon Corporation Counsel at all times associated with the allegations presented in the Complaint (Complaint ¶10).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11 19 2019

2)     Plaintiff's claims for Disability Discrimination (Second and Third Causes of Action) should be dismissed as to Porcari because the plaintiff received adequate due process and Porcari was not the City official responsible for plaintiff's employment status. Additionally, the ADA does not allow for a cause of action against an individual defendant. As a result, the Complaint fails to state a claim for relief on Counts 2 and 3). Dismissal with prejudice should be ordered.

3)     Plaintiff's §1983 claim against defendant Porcari (Fourth Cause of Action) must be dismissed because Porcari is protected from suit by the doctrine of qualified immunity and because plaintiff has not alleged any municipal practice or custom upon which his claim is predicated. Although it is not clear whether the §1983 claim is asserted against Porcari in his individual or official capacity, it must nevertheless be dismissed because the claim is redundant to the claim against the City.

4)     Plaintiff's Civil RICO claim (18 U.S.C. §1964) against defendant Porcari must be dismissed because Porcari is protected from suit by the doctrine of qualified immunity and because plaintiff

has not alleged any municipal practice or custom upon which his claim is predicated. Civil RICO is not allowed for damages arising from personal injuries. Although it is not clear whether the §1964 claim is asserted against Porcari in his individual or official capacity, it must nevertheless be dismissed because the claim is redundant to the claim against the City.

## II.   MEMORANDUM OF LAW.

### A.   Standard of Review.

5)   Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) requires a court to "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). A case should not be dismissed unless the court is satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief. *Id.*; *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

6)   The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to

dismiss, "a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (alteration and internal quotation marks omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, 127 S. Ct. 1955, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, 127 S. Ct. 1955, if a plaintiff has not "nudged [her] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937 ("Determining

whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79, 129 S. Ct. 1937 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

7) "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the

face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

**B.   Defendant Porcari Is Entitled to Qualified Immunity from Suit.**

**1.   *Civil Rights Claim Pursuant to 42 U.S.C. §1983 (Count 4).***

8)     To succeed on a claim for violation of civil rights under 42 U.S.C. § 1983, the plaintiff must show that municipal officials, acting under color of state law, deprived plaintiff of a right guaranteed him by the Constitution or laws of the United States. *Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir. 1995).

9)     The defendant's actions at that time must have been objectively unreasonable considering clearly established federal law; otherwise, the municipal government actors are entitled to qualified immunity for discretionary governmental conduct. *Harlow v. Fitzgerald*, 475 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *Robison*

*v. Via*, 821 F.2d 913, 920 (2d Cir. 1987); *Romer v. Morganthau*, 119 F. Supp. 2d 346, 355 (S.D.N.Y. 2000).

10)   "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stanton v. Sims*, 571 U.S. 3, 5-6, 134 S. Ct. 3, 4-5 (2013) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009)). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Scott v. Harris*, 550 U.S. 372, 376, 127 S. Ct. 1769, 1773-74 (2007). The immunity recognizes the "strong public interest in protecting public officials from the costs associated with the defense of damages actions." *Crawford-El v. Britton*, 523 U.S. 574, 590, 118 S. Ct. 1584, 1592-93 (1998). These costs, as the Supreme Court explained in *Harlow v. Fitzgerald*, 457 U.S. at 814, 102 S. Ct. at 2736, can be insurmountable and life and career impacting:

> [T]he expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office. Finally, there is the danger that fear of being sued will "dampen the ardor of all but the most

resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties." *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949), *cert. denied*, 339 U.S. 949, 70 S. Ct. 803 (1950).

11)   The qualified immunity doctrine affords protection to a government official only from suit in his individual capacity, that is, only insofar as the legal action attempts to fasten personal liability on the official for his or her conduct taken under color of state law. *See generally Kentucky v. Graham*, 473 U.S. 159, 165-68, 105 S. Ct. 3099, 3104-06 (1985) (comparing personal-capacity and official-capacity suits). In contrast, a suit brought against a public officer in his official capacity is treated as a suit against the government; damages are available only from the public fisc and the protection of qualified immunity is not applicable. *P.C. v. McLaughlin*, 913 F.2d 1033, 1039 (2d Cir. 1990).

12)   Violation of a clearly established right is grounded on whether, based on recognized law and precedent, the right was defined with "reasonable specificity" and whether statutory or case law supports the existence and constructive notice of the right plaintiff claims was violated, such that a reasonable official would have known his actions were unlawful. *See Shechter v. Comptroller of*

*City of New York*, 79 F.3d 265, 270-72 (2d Cir. 1996) (the question is not whether defendants should have known of an abstract federal right but whether they should have known their acts specifically violated plaintiff's right, since too broad a definition of specificity would turn "qualified immunity ... [into] virtually unqualified liability simply by [plaintiff] alleging violation of extremely abstract rights") quoting *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S. Ct. 3034 (1987).

13)   Even in situations in which an action is found to have been a violation of a clearly established right, qualified immunity still applies if it was "objectively reasonable" for defendant to believe that his acts did not violate those rights in that "officers of reasonable competence could disagree" on their legality. *See Robison v. Via*, 821 F.2d at 921 (citing *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096 (1986)). The test renders irrelevant any allegations of the official's wrongful intent or malice. *See Harlow*, 457 U.S. at 818, 102 S. Ct. 2727. Qualified immunity protects all "but the plainly incompetent or those who knowingly violate the law." *Malley*, 475 U.S. at 341, 106 S. Ct. 1092 (emphasis added). Qualified immunity

9

is the rule rather than the exception and is granted barring material issues of fact; if denied on a principle of law, the decision is immediately appealable. *See* 28 U.S.C. §1293; *Cartier v. Lussier*, 955 F.2d 841 (2d Cir. 1992).

14)   The Complaint does not state any case for a violation by Porcari of well-established law that would give rise to an actionable civil rights claim. The claim that Porcari and the other municipal defendants "retaliated" for the plaintiff's "lawful exercise of free speech" is not only implausible but it is not of the type that constitutes a known First Amendment retaliation claim.

15)   To state a First Amendment retaliation cause of action under §1983, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128-29 (2d Cir. 2009); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (quoting *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002)).

10

16) Here, the Complaint does not plausibly allege any protected activity that was the subject of retaliation that was causally connected.

17) Porcari's position as Corporation Counsel allowed him to provide legitimate legal advice to Mount Vernon officials, but there is no assertion in the Complaint that Porcari was a final decision-maker whose advice to others resulted in any adverse, retaliatory action. Therefore, the Complaint's laundry list of employment grievances arising from an admitted medical disability does not plausibly state a First Amendment retaliation claim against Porcari.

18) Additionally, the Complaint does not even allege Porcari knew his precise conduct in the exercise of powers authorized by municipal law constituted an actionable violation of plaintiff's First Amendment rights. The Complaint identifies no facts coupled with fact-specific case law to allow a conclusion of affirmative knowledge on Porcari's part.

19) Because the Complaint does not show Porcari caused the offending municipal actions, and Porcari acted in furtherance of his discretionary duties and responsibilities, Porcari is entitled to

qualified immunity from suit for the §1983 claim (Count 4).

### 2.    *Civil Rico Claim (18 U.S.C. §1964) (Count 1).*

20)   For all the same reasons asserted as to the Civil Rights Claim, Porcari is entitled to dismissal of Count 1 for reasons of qualified immunity. The Complaint fails to demonstrate Porcari caused the offending municipal actions. The Complaint pleads no material facts identifying Porcari's knowing violation of a clearly established right. Because Porcari acted in furtherance of his discretionary duties and responsibilities as Corporation Counsel, Count 1 should be dismissed with prejudice.

### 3.    *Disability Claims (Counts 2 and 3).*

21)   For all the same reasons, Porcari is entitled to dismissal of Count 2 and 3 for reasons of qualified immunity. The Complaint fails to demonstrate Porcari caused the offending municipal actions. The Complaint pleads no material facts identifying Porcari's knowing violation of a clearly established right. Because Porcari acted in furtherance of his discretionary duties and responsibilities as Corporation Counsel, Counts 2 and 3 should be dismissed with prejudice.

## C.   Eleventh Amendment Immunity Protects Porcari from Suit in his Official Capacity.

22)   To the extent the Complaint attempts to assert civil liability against Porcari in his official capacity, he is entitled to Eleventh Amendment immunity for suits seeking money damages when the municipality is the real, substantial party at interest. *See Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S. Ct. 347 (1945); Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) ("[When] a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against a state ... [allowing] Eleventh Amendment immunity").

23)   Accordingly, Porcari invokes his Eleventh Amendment immunity from suit as to all counts that arise from a claim brought against the City of Mount Vernon. Counts 1-4 should be dismissed with prejudice.

## D.   The Civil RICO Claim (Count 1) Must Be Dismissed.

### 1.   *The Civil RICO Statute Is Not a Personal Injury Statute Providing Recovery for Loss-of-Employment-Based Damages Claims.*

24)   To establish a civil RICO claim, a plaintiff must show "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to

13

business or property; and (3) that the injury was caused by the violation of Section 1962." *DeFalco v. Bernas*, 244 F.3d 286, 305 (2d Cir. 2001). The instant Complaint should be dismissed for failure to allege element 2, a cognizable injury to business or property.

25)  "Congress enacted RICO to combat organized crime, not to provide a federal cause of action and treble damages for personal injuries." *Major League Baseball Props., Inc. v. Price*, 105 F. Supp. 2d 46, 49 (E.D.N.Y. 2000). Accordingly, as this Court has explained, "a Plaintiff must also allege that he was injured in his business or property by reason of' a violation of RICO." *McLaughlin v. Chong*, 13-CV-0807 (NSR), 2018 WL 3773993, at *6 (S.D.N.Y. Aug. 9, 2018).

26)  The Complaint's general allegations assert the following injuries: "Physical pain and suffering, [e]motional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety, and [s]pecial damages including lost wages." (DE1, ¶49). The damages allegations specific to Count I allege "financial, physical and emotional injury." (DE1, ¶58).

27)  Each of these damage claims are personal injury claims

14

not recoverable under the civil RICO statute. *Mackin v. Auberger*, 59 F. Supp. 3d 528, 557 (W.D.N.Y. 2014) (explaining that "personal injuries are not injuries to business or property as those terms are used in the RICO statute").

28)   For example, the ¶58 claim of damages for "financial, physical and emotional injury" is not a cognizable damage. *See Westchester County Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 612–13 (S.D.N.Y. 2015) ("Personal damages, emotional damages, and physical damages, for example, are insufficient."); *Gross v. Waywell*, 628 F. Supp. 2d 475, 488 (S.D.N.Y. 2009) (explaining that "personal or emotional damages do not qualify"); *Williams v. Dow Chem. Co.*, 255 F. Supp. 2d 219, 225 (S.D.N.Y. 2003) (explaining that the federal RICO statute "does not provide recovery for physical and emotional injuries").

29)   Similarly, the alleged damages for "[e]motional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety" (DE1, ¶49) are similarly inadequate. *See Angermeir v. Cohen*, 14 F. Supp. 3d 134, 152 (S.D.N.Y. 2014) (concluding that a claim that one was

15

subjected to annoyance, embarrassment, emotional distress, and mental anguish was not a recoverable damage under the federal RICO statute); *Davis Lee Pharmacy, Inc., v. Manhattan Cent. Capital Corp.*, 327 F. Supp. 2d 159, 164 (E.D.N.Y. 2004) (explaining that the civil RICO statute is inapplicable to claims for damages arising from emotional distress); *Pappas v. Passias,* 887 F. Supp. 465, 470 (E.D.N.Y. 1995) ("emotional distress is not cognizable under RICO because it does not constitute an injury to business or property").

30)   Likewise, physical pain and suffering are not recoverable damages. *See Canosa v. Ziff,* 18 CIV 4115 (PAE), 2019 WL 498865, at *26 (S.D.N.Y. Jan. 28, 2019) ("The [Amended Complaint]'s RICO claims, however, fail to allege a compensable injury. The AC alleges that as a result of the described RICO acts, Canosa 'sustained injury, emotional pain and suffering, physical pain, emotional distress, pain and suffering and loss of enjoyment of life.' AC ¶ 535. Although these personal injuries are undeniably consequential, none is an injury to business or property.").

31)   Finally, regarding the alleged damages for lost wages, "The Second Circuit has held for more than a quarter century that loss of

employment for reporting or refusing to participate in an enterprise engaging in a pattern of racketeering activity is not an injury sufficient to confer RICO standing." *Appel v. Schoeman Updike Kaufman Stern & Ascher L.L.P.*, 14-CV-2065 (AJN), 2015 WL 13654007, at *10 (S.D.N.Y. Mar. 26, 2015) (quoting *Hatson v. N.Y. Archdiocese*, No. 05 Civ. 10467 (PAC), 2007 WL 431098, at *7 (S.D.N.Y. Feb. 8, 2007). In *Appel*, alleged damages for "termination, severe economic injury, including but not limited to lost past and future wages" were not cognizable civil RICO injuries. 2015 WL 13654007, at *10.

32) Count I must accordingly be dismissed with prejudice.

### 2. *The Complaint Alleges No Causal Connection Between His Termination-Based Damages Claim and the Alleged RICO Scheme.*

33) In addition to establishing an injury to business or property, "the plaintiff is [also] required to show that a RICO predicate offense 'not only was a 'but for' cause of his injury, but was the proximate cause as well.'" *Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 330 (E.D.N.Y. 2012) (quoting *Hemi Group, LLC v. City of New York*, 559 U.S. 1 (2010). Proximate cause requires

"some direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). The *Hemi Group* court explained that "[a] link that is 'too remote,' 'purely contingent,' or 'indirec[t]' is insufficient." *Hemi Group, LLC*, 559 U.S. at 9.

34)   The instant Complaint does not allege a direct link between Pocari's alleged predicate acts and plaintiff's damages. Under his Complaint, the target of the predicate offenses was not the plaintiff, but the Mount Vernon Board of Water & Sewer funds (DE1, ¶¶21-23). Plaintiff alleges "Porcari engaged in this 'systematic ongoing course of conduct' to steal from and defraud the MVBWS between March 23, 2018 and November 5, 2018," the purpose of which was to "pay for Defendant Mayor Thomas' legal fees to the Boies firm and to pay for a Public Relations firm in connection with Thomas' arrest." (DE1, ¶21). Plaintiff accordingly has failed to allege a causal connection between his injuries and the alleged RICO scheme.

35)   Count I must be dismissed with prejudice for this additional reason.

**E.   The   Disability   Discrimination   Claims   Must   be Dismissed (Counts II & III).**

36)   The   Americans   with   Disabilities   Act   (ADA)   makes   it unlawful to "discriminate against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees,   . . .   and   other   terms,   conditions,   and   privileges   of employment." 42 U.S.C. §12112(a). Prevailing   Second   Circuit   law requires the following allegations for a plaintiff to state a prima facie case for discrimination: "(1) the defendant is covered by the ADA; (2) plaintiff   suffers   from   or   is   regarded   as   suffering   from   a   disability within the meaning of the ADA; (3) plaintiff was qualified to perform the   essential   functions   of   the   job,   with   or   without   reasonable accommodation;   and   (4)   plaintiff   suffered   an   adverse   employment action because of his disability or perceived disability." *Capobianco v. City of N.Y.*, 422 F.3d 47, 56 (2d Cir. 2005); *Colon v. New York State Dep't of Corr. & Cmty. Supervision*, 15 CIV. 7432 (NSR), 2017 WL 4157372, at *6 (S.D.N.Y. Sept. 15, 2017).

37)   "A   plaintiff   states   a   prima   facie   failure   to   accommodate claim by demonstrating that (1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute

had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McMillan v. City of New York*, 711 F.3d 120, 125-26 (2d Cir. 2013).

38)   Although plaintiff sued for ADA violations in Counts 2 and 3, "there is no right of recovery against individual defendants under the ADA." *Corr v. MTA Long Island Bus*, 199 F.3d 1321 (2d Cir. 1999); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir. 1995) (explaining the absence of individual liability under Title VII because of the word "employer"). *Embro v. Marsico*, 12-CV-9003 NSR, 2014 WL 5038368, at *3 (S.D.N.Y. Sept. 30, 2014) (dismissing ADA claims against District Superintendent for the Rockland County Board of Cooperative Educational Services, "because there is no individual liability under Title VII or the ADA").

39)   The ADA claims in Counts 2 and 3 must accordingly be dismissed with prejudice.

## III.  DEFENDANT PORCARI IS ENTITLED TO ATTORNEY'S FEES AND COSTS.

40)   As authorized by the statutes invoked by the plaintiff for the claims presented, defendant Porcari is entitled to reasonable

costs and fees upon prevailing in this matter.

## IV.   CERTIFICATION OF CONFERRAL.

41)   Defense counsel conferred with plaintiff's counsel who did not agree to the relief requested in this motion.

## V.   CONCLUSION.

42)   For the reasons stated, the Complaint should be dismissed with prejudice as to Porcari.

Dated:     November 14, 2019

Respectfully submitted,

*Benedict P. Kuehne*

*S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**
Florida Bar No. 233293
**KUEHNE DAVIS LAW, P.A.**
100 S.E. 2nd St., Suite 3550
Miami, FL 33131-2154
Tel: 305.789.5989
Fax: 305.789.5987
ben.kuehne@kuehnelaw.com
efiling@kuehnelaw.com
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that on November 14, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I certify the foregoing document is being served this day on all counsel

of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:   */S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**