UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY DELLA MURA,

          Plaintiff,

- against -

RICHARD THOMAS, et al.,

          Defendants.

19 CV 8699 (LMS)

**DECISION AND ORDER**

**THE HONORABLE LISA MARGARET SMITH, U.S.M.J.[1]**

    Currently before the Court is Defendant Lawrence Porcari's ("Porcari") motion to compel Defendant City of Mount Vernon ("City") to defend and indemnify Defendant Porcari pursuant to Article IV of the City of Mount Vernon Code. ECF No. 83. Defendant Porcari further requests that the Court enforce the terms of the retainer agreement between Porcari and his attorney, which states that "THE ATTORNEY'S REPRESENTATION, HOWEVER, SHALL BE EXPRESSLY CONDITIONED ON 1) THE DISTRICT COURT ORDERING THE CITY OF MOUNT VERNON TO PAY ALL OF THE CLIENT'S REASONABLE ATTORNEY FEES IN DEFENCE OF THE CLIENT IN THE ABOVE PROCEEDING AT THE EXPRESS HOURLY RATE OF $600 PER HOUR AND 2) A FURTHER ORDER OF THE COURT DIRECTING THE COMPTROLLER OF THE CITY OF MOUNT VERNON TO PAY THE ATTORNEY'S LEGAL FEE INVOICES WITHIN 30 DAYS OF THEIR SUBMISSION TO THE COMPTROLLER OR BE HELD IN CONTEMPT." ECF No. 83-11 (Memo. of Law in Support); ECF No. 83-4 (Retainer Agreement).

---

[1] The parties consented to the undersigned's jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). ECF 68.

For the following reasons, Defendant Porcari's motion to compel is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff commenced this civil action on September 19, 2019, against Defendants Richard Thomas ("Thomas"), Lawrence Porcari ("Porcari"), Benjamin Marable ("Marable"),[2] Mount Vernon Board of Water Supply ("MVBWS"), and the City of Mount Vernon ("City"). ECF No. 1. Plaintiff alleges that Defendants unlawfully prevented Plaintiff from conducting his work as Senior Bookkeeper for the City and unlawfully rejected Plaintiff's requests for reasonable accommodations due to his disability in an effort to prevent Plaintiff from uncovering payments that Defendant Porcari (then Corporation Counsel for the City of Mount Vernon) directed be made from Mount Vernon Board of Water Supply bank account to pay for the legal fees of Defendant Thomas (then Mayor of the City of Mount Vernon) in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and the Americans with Disabilities Act ("ADA"). Id.

In January 2020, Defendant City and Defendant MVBWS moved to disqualify counsel for Defendant Thomas and Defendant Porcari. ECF Nos. 51, 54. The Court granted the motion on April 30, 2020. ECF No. 71. By separate order, the Court expressed its expectation that Defendants Thomas and Porcari would secure new counsel within 30 days. ECF No. 72. On June 9, 2020, the Court directed Defendant Thomas[3] and Defendant Porcari to provide a status

---

[2] Defendant Marable has not appeared in this action.

[3] Defendant Thomas has not responded to the Court's orders to provide a status update of his contact information. The Court's prior orders were emailed by chambers to Defendant Thomas's prior attorney with the direction that they be forwarded to Defendant Thomas. Plaintiff will hereafter be responsible for serving Defendant Thomas with orders from the Court.

2

update to the Court within fourteen days as no attorneys had filed notices of appearances on Defendants' behalf. ECF No. 73. On July 4, 2020, Mario Biaggi, Jr. ("Biaggi" or "private counsel") filed a notice of appearance on behalf of Defendant Porcari. ECF No. 77. Biaggi limited his appearance to making a motion to compel Defendant City to pay Defendant Porcari's attorneys' fees. Id. The undersigned granted Defendant Porcari permission to make his motion to compel and set a briefing schedule. Minute Entry for 7/30/2020. The motion is now fully briefed.

## DISCUSSION

The City of Mount Vernon Municipal Code ("Code") Part I, Chapter 50, Article IV § 50-44 governs a City employee's right to have his or her legal defense provided for by the City. Pursuant to the Code, the City " shall provide for the defense of the employee in any civil action or proceeding in any state or federal court or before any board, bureau, agency or commission, arising out of any alleged act of omission or commission which occurred, or is alleged in the complaint to have occurred, while the employee was acting within the scope of his public employment or duties . . ." if the employee delivers to the City's corporation counsel "the original or a copy of any summons, complaint, process, notice, demand or pleading within five days after he is served with such document." Article IV §§ 50-44(A), 50-46. "[T]he employee shall be entitled to be represented by the City Corporation Counsel; provided, however, that the employee shall be entitled to representation by private counsel of his choice in any civil judicial proceeding whenever the Corporation Counsel determines, based upon his investigation and review of the facts and circumstances of the case, that representation by the Corporation Counsel would be inappropriate or whenever a court of competent jurisdiction, upon appropriate motion or by a special proceeding, determines that a conflict of interest exists and that the employee is

3

entitled to be represented by private counsel of his choice." Article IV § 50-44(B). The Code provides that "[a]ttorneys' fees and litigation expenses shall be set by a contract at a flat rate to be established by the Corporation Counsel and shall be paid by the City to such private counsel from time to time during the pendency of the civil action or proceeding subject to the certification that the employee is entitled to representation under the terms and conditions of this section . . ." Id.

Defendant City seemingly concedes that Defendant Porcari is entitled to his choice of private counsel paid for by the City and only opposes Defendant Porcari's motion on the ground that Defendant Porcari failed to comply with the statutory process for approving private counsel and counsel's rate. ECF No. 84 at ¶¶ 3-7, 12. Defendant City's opposition is based on Article IV § 50-44(B) of the Code and two new chapters to the Code (Chapters 268 and 268-2) that the City enacted on June 25, 2020. Id. at ¶¶ 5-6. The new chapters set forth requirements for the use of independent counsel, which include that independent counsel must have its rates approved by the Board of Estimate prior to commencing any legal work and that independent counsel must file its retainer agreement with the Board of Estimate. ECF No. 84-1.

Defendant Porcari states in his Reply Affidavit that he tendered process to Corporation Counsel within five days of his receipt along with a request for representation, as required by §§ 50-44 and 50-46, but his request was rejected. ECF No. 85-2. Private counsel also submitted emails between himself and Corporation Counsel which detail private counsel's request for the City to pay for his fees. ECF No. 83-3. Private counsel's request was also rejected. Id.

Defendant City's argument that Porcari failed to comply with Chapters 268 and 268-2 (the newly enacted Code chapters) is unpersuasive. First, the new chapters were enacted nine months after this case was filed and after both Defendant's Porcari's and private counsel's

4

requests had been denied. These provisions do not state that they will apply retroactively, and the Court has no legal basis upon which to hold Defendant Porcari to provisions enacted <u>ex post facto</u>. Second, Defendant City has not shown that Chapters 268 and 268-2 apply in this case. When interpreting a statute, the Court must look first to the text. <u>See</u> <u>Griffith v. Steiner Williamsburg, LLC</u>, 760 F. Supp. 2d 345, 355 (S.D.N.Y. 2010) (" 'Statutory interpretation always begins with the plain language of the statute,' which [the court] consider[s] in 'the specific context in which that language is used, and the broader context of the statute as a whole.' "). The new chapters establish requirements for the City's use of "independent counsel." ECF No. 84-1. However, the language setting forth an employee's right to defense uses the term "private counsel." <u>Compare</u> ECF No. 84-1 <u>with</u> Article IV § 50-44(B). "Independent counsel" is defined in Chapter 268 as "any legal counsel or licensed attorney <u>who is sought to be retained by or after being duly retained under this Chapter by, any City officers, boards, or departments</u> when the Corporation Counsel of the City of Mount Vernon has a qualifying conflict of interest under New York State Law." ECF 84-1 (emphasis added). "Private counsel" as used in § 50-44 is not covered by this definition. The only explicit reference to private counsel being sought and retained by Corporation Counsel is in § 50-44(D), which states that upon receipt of process and a request for representation, Corporation Counsel must "take the necessary steps, including the retention of private counsel . . . on behalf of the employee to avoid entry of default pending resolution of any question pertaining to the obligation to provide for a defense." The implication is that in other contexts, the employee would seek and retain counsel as opposed to Corporation Counsel engaging private counsel for the employee to avoid default, which is not the case here. Private counsel would not be "retained under this Chapter" (Chapter 268) because the provision providing for an employee's right to a defense is in another chapter (i.e. Chapter 50). Further, the

5

substantive text of Chapters 268 and 268-2 make no mention of independent counsel in the context of defending an employee but make several references to independent counsel being retained by or acting on behalf of City departments, boards, or officials. See ECF No. 84-1. For these reasons, the Court does not require Defendant Porcari to comply with Chapters 268 and 268-2.

The Court will require the parties to comply with Article IV § 50-44. Section 50-44(B) requires Corporation Counsel to certify to the Board of Estimates that Defendant Porcari is eligible for representation by private counsel. This requirement is for Corporation Counsel to satisfy, not Defendant Porcari. Section 50-44(B) also states that "[a]ttorneys' fees and litigation expenses shall be set by a contract at a flat rate to be established by the Corporation Counsel." For that reason, the Court will not impose counsel's requested $600.00 per hour rate on the City. In addition, apart from a statement in an email to Corporation Counsel that private counsel is a "civil litigator with substantial litigation experience," Defendant Porcari's counsel has not given the Court a basis from which to determine that counsel's requested hourly rate is reasonable. ECF No. 83-3 at 3.

Although Defendant City did not oppose Defendant Porcari's request that private counsel's invoices be paid within 30 days, the Court will not impose such a blanket requirement. Defendant City will need time to review the invoices and may find charges that it wishes to dispute. For that reason, an order requiring payment within 30 days is inappropriate. The Court will, however, require Defendant City to undertake whatever review of the invoices is required within 30 days of their submission and to either pay the invoices or raise a dispute within that time. The dispute should be raised with private counsel, and if the dispute cannot be resolved, then it should be raised promptly with the Court. See § 50-44(C) ("Any dispute with respect to .

. . the amount of litigation expenses or the reasonableness of attorneys' fees shall be resolved by the court upon motion or by way of a special proceeding.")

To the extent that Defendant Porcari's motion seeks to compel Defendant City to indemnify Porcari, the motion is denied. Defendant City's obligation to indemnify does not arise until there has been a determination that Defendant Porcari was acting within the scope of his employment and had not engaged in intentional wrongdoing or recklessness, which are contested facts in this case. Article IV § 50-45.[4]

## CONCLUSION

Defendant Porcari's motion to compel is **GRANTED** to the extent that Defendant City must provide for private counsel's defense in accordance with Article IV § 50-44 and **DENIED** in all other respects.

Any motion(s) to dismiss the complaint must be filed no later than October 12, 2020. Opposition must be filed no later than November 12, 2020. Reply, if any, must be filed no later than November 30, 2020.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 83.

---

[4] "The City shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, board, bureau, agency or commission or in the amount of any settlement of a claim, provided that the act of omission or commission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment or duties. The duty to indemnify and save harmless prescribed by this section shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." Article IV § 50-45.

Dated: September 11, 2020
      White Plains, New York

**SO ORDERED,**

*/s/ Lisa Margaret Smith*
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York