UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

Della Mura,

                Plaintiff,                       **ORDER**

      -against-                           19 Civ. 8699 (AEK)

Thomas, et al.,

                Defendants.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      On September 27, 2019, Plaintiff filed an affidavit of service regarding the service of the summons and complaint on Defendant Benjamin Marable. ECF No. 14. According to that filing, service was made personally on Mr. Marable—the filing states that the process server spoke with Mr. Marable via intercom and that Mr. Marable identified himself, but also states that Mr. Marable "was being evasive" and "refused to open the door." Id. The affidavit states that "photos [were] taken," but there is no indication of what those photos consist of, and the photos are not attached to the ECF filing. Id. There is no indication in the affidavit of service of what, if anything, the process server did to purportedly serve Mr. Marable in person on September 24, 2019, though the affidavit does note that a copy of the summons and complaint was sent to Mr. Marable via first class mail. Id. On December 7, 2020, Plaintiff filed a Proposed Clerk's Certificate of Default as to Defendant Marable. ECF No. 98.

      New York courts have "little tolerance" for individuals who purposefully evade service of process. Matrix (U.S.) Inc. v. Trainor, No. 92 Civ. 5377 (JFK), 1994 WL 369263, at *8 (S.D.N.Y. July 12, 1994). It is "well-settled under New York law that where a defendant refuses to accept service, the papers may be left in his general vicinity." Davis v. Musler, 713 F.2d 907, 914 (2d Cir. 1983). However, if a process server chooses this "general vicinity" option, he or

she must "bring the questioned process within the purview of the person to be served," since "the defendant must be made aware that he or she is in fact being served with process."  Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 169 F. App'x 45, 46 (2d Cir. 2006) (citation omitted); see also Lederman v. Benepe, No. 12 Civ. 6028 (PGG), 2014 WL 1318356, at *5 (S.D.N.Y. Mar. 28, 2014).  Personal service is proper "on a person of suitable age and discretion, who knowingly or willfully refuses to open the door to accept service of process, by simply leaving the document outside the door."  Francis S. Denney, Inc. v. I.S. Labs., Inc., 737 F. Supp. 247, 248 n. 1 (S.D.N.Y. 1990).  If the requirements for service of process are not met, it is irrelevant that the defendant to be served may have actually received the documents some other way.  Raschel v. Rish, 69 N.Y.2d 694, 697 (1986); see also Weiss v. Glemp, 792 F. Supp. 215, 225 (S.D.N.Y. 1992) (subsequent mailing of summons and complaint after failed attempt at personal service did not constitute effective service).

The affidavit of service filed on September 27, 2019 is not sufficient on its face to determine whether personal service on Mr. Marable was effectuated properly.  Accordingly, Plaintiff has until **Monday, January 4, 2021** to file a revised affidavit of service, or a supplemental affidavit in further support of the original affidavit of service, setting forth the particulars of service in greater detail.  Alternatively, by that same date, Plaintiff may file a letter motion to seek leave of court for an extension of time to attempt to re-serve Mr. Marable.

Dated: December 14, 2020
       White Plains, New York

                                        SO ORDERED.

                                        _____
                                        ANDREW E. KRAUSE
                                        United States Magistrate Judge