UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTHONY DELLA MURA,

                Plaintiff,            **DECISION AND ORDER**

     -against-                           19-cv-8699 (AEK)

THE CITY OF MOUNT VERNON and
THE MOUNT VERNON BOARD OF
WATER SUPPLY,

                Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Plaintiff Anthony Della Mura filed this action on September 19, 2019 against Defendants Richard Thomas, Lawrence Porcari, Benjamin Marable, the City of Mount Vernon (the "City"), and the Mount Vernon Board of Water Supply (the "MVBWS" and, together with the City, the "City Defendants"). *See* Complaint, ECF No. 1 ("Compl.").

      On September 30, 2021, the Court granted motions to dismiss all of Plaintiff's claims against the individual defendants and dismissed crossclaims that the City Defendants had brought against the individual defendants. ECF No. 141. Thereafter, Plaintiff voluntarily dismissed his first cause of action—brought pursuant to the civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964—as to the City Defendants. ECF No. 149. Accordingly, Plaintiff's only remaining claims in this matter are his claims against the City Defendants for (1) failure to accommodate his disability under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* (the "ADA"), (2) disability discrimination under the ADA, and (3) retaliation for his exercise of his First Amendment right to free expression, pursuant to 42 U.S.C. § 1983. *See* Compl. ¶¶ 60-77.

Before the Court is the City Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (ECF Nos. 154 (Notice of Motion), 155 (Memorandum of Law)).[1]  For the following reasons, the City Defendants' motion for judgment on the pleadings is GRANTED IN PART and DENIED IN PART.

I.  **FACTUAL BACKGROUND**

The Court assumes the parties' familiarity with the allegations in the Complaint, which are set forth in detail in the Court's September 30, 2021 Decision and Order on the various motions to dismiss.  ECF No. 141 at 3-6.

II.  **DISCUSSION**

**A. Legal Standard for Evaluating a Motion for Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for "judgment on the pleadings."  The standard for assessing a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as that for a Rule 12(b)(6) motion to dismiss.  *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001); *Temple v. Hudson View Owners Corp.*, 222 F. Supp. 3d 318, 322 (S.D.N.Y. 2016).

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pleaded factual allegations in the complaint as true.  *Ashcraft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020).  The court must also "construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff."  *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (*en banc*).  That

---

[1] Citations in this Decision and Order to "Defs.' Mem." are to the City Defendants' memorandum of law in support of their motion for judgment on the pleadings (ECF No. 155).

2

said, a court is not required to accept legal conclusions set forth in a complaint as true, and "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, to survive a motion to dismiss, a complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). A claim is facially plausible when the complaint contains enough facts to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* Put another way, a plaintiff must set forth enough facts to "nudge [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Although allegations that are conclusory are not entitled to be assumed true, when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Lynch*, 952 F.3d at 75 (cleaned up).

On a Rule 12(c) motion, the Court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quotation marks omitted). "A complaint is also deemed to include any . . . materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Id.* (cleaned up).

B. **Consideration of Matters Outside the Complaint**

As a threshold issue, the Court must address whether it may consider Exhibits A through I to the Affirmation of Mount Vernon Corporation Counsel Brian Johnson, which was submitted as part of the City Defendants' motion. *See* ECF No. 156 ("Johnson Affirmation"). The City Defendants urge the Court to take judicial notice of Exhibits A through H on the ground that these documents were all filed in a New York State court proceeding, and are therefore matters

of public record.  Defs.' Mem. at 6-7; Johnson Aff. ¶ 3.  The City Defendants also request that the Court consider Exhibit I on the ground that it is a document incorporated by reference into the Complaint.  *See* Johnson Aff. ¶ 15 ("Mr. Della Mura explicitly references this document in Paragraph 35 of his Complaint in this action.").

Courts are permitted to take judicial notice of materials in the public record, such as documents filed in other courts.  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *The Cloister E., Inc., v. N.Y. State Liquor Auth.*, 563 F. Supp. 3d 90, 105 n.101 (S.D.N.Y. 2021).  If a court takes judicial notice of documents outside the pleadings, it does so "in order to determine what statements they contain[ ]" but "not for the truth of the matters asserted."  *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (cleaned up).  Additionally, "a court can only sensibly take judicial notice of facts relevant to the matters before the court."  *Anthes v. N.Y. Univ.*, No. 17-cv-2511 (ALC), 2018 WL 1737540, at *4 (S.D.N.Y. Mar. 12, 2018).

Exhibits A, B, and F through H to the Johnson Affirmation are only cited in connection with the City Defendants' arguments concerning Plaintiff's third and fourth causes of action, for discrimination on the basis of disability and First Amendment retaliation, *see* Defs.' Mem. at 9-12, which the Court does not substantively address in this Decision because Plaintiff has abandoned those claims, *see* Sections II.C.2, II.C.3, *infra*.  The City Defendants do not cite to Exhibits D or E in connection with any legal argument.  *See* Defs.' Mem. at 6-14.  Accordingly, while the Court takes judicial notice of Exhibits A, B, and D through H because they are documents filed on the public docket in another court, the Court declines to consider these documents because they are irrelevant to the Court's determination of the City Defendants' motion.  *See Anthes*, 2018 WL 1737540, at *4.

Exhibit C to the Johnson Affirmation contains a memorandum from the former Mount Vernon Corporation Counsel to an investigator from the Equal Employment Opportunity Commission ("EEOC") in connection with an EEOC complaint filed by Plaintiff.  ECF No. 156-3.  Among other things, the memorandum references arrangements made for Plaintiff upon his return to work at the MVBWS in June 2018.  *Id.*; *see* Johnson Aff. ¶ 6.  The City Defendants rely on Exhibit C as part of their argument in support of their motion as to Plaintiff's second cause of action, for failure to provide a reasonable accommodation pursuant to the ADA in light of Plaintiff's disability.  Again, the Court takes judicial notice of Exhibit C because it is a document filed on the public docket in another court.  The Court will only consider this document, however, as an indication that the City has made the assertions contained in the document—it will not be considered for the truth of the matters asserted in that document.  *See Roth*, 489 F.3d at 509.  Accordingly, Exhibit C has no bearing on the Court's assessment of whether the Complaint plausibly gives rise to a claim for relief on the second cause of action against the City Defendants.

Exhibit I is a notice of claim submitted by Plaintiff to the City and dated September 6, 2018; the City Defendants assert that this document is "explicitly reference[d]" in the Complaint.  Johnson Aff. ¶ 15.  "For a document to be incorporated by reference [into a complaint], the plaintiff must make a clear, definite, and substantial reference to the document[ ]."  *Hall v. Annucci*, No. 19-cv-5521 (KMK), 2021 WL 4392526, at *7 (S.D.N.Y. Sept. 24, 2021) (cleaned up).  In the Complaint, Plaintiff expressly refers to a notice of claim that was filed against the City "for subjecting [Plaintiff] to a hostile work environment by not making reasonable accommodation for him and because of the demotion and lower pay he received."  Compl. ¶ 35.  Plaintiff alleges that the notice of claim "was received by the City of Mount Vernon on

September 7, 2018." *Id.* Plaintiff further alleges that the City took steps to retaliate against him after he filed the notice of claim. *Id.* ¶ 74. Because the notice of claim attached as Exhibit I to the Johnson Affirmation is explicitly referenced in the Complaint, and that reference is "clear, definite, and substantial," it is proper to consider that document in determining the motion. *See, e.g.*, *Cummings v. City of New York*, No. 19-cv-7723 (CM) (OTW), 2020 WL 882335, at *3 n.2 (S.D.N.Y. Feb. 24, 2020) ("the Complaint references the Notice of Claim, . . . making it proper to consider th[is] document[ ] in determining the motion"); *Powell v. Dep't of Educ. of City of N.Y.*, No. 14-cv-2363 (PKC), 2015 WL 5772211, at *1 (E.D.N.Y. Sept. 30, 2015) (notice of claim against municipal defendant was incorporated by reference into complaint).

### C. The Remaining Causes of Action

Each of the three remaining causes of action in the Complaint is pled against both of the City Defendants. The Court considers each claim in turn.

#### 1. Failure to Accommodate Plaintiff's Disability Pursuant to the ADA

"Discrimination in violation of the ADA includes, *inter alia*, 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.'" *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009) (quoting 42 U.S.C. § 12112(b)(5)(A)). A "qualified individual" under the ADA is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *McBride*, 583 F.3d at 96. To state a claim under the ADA for failure to accommodate, a plaintiff must allege facts showing that: (1) he or she is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his or her disability; (3) with

reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations. *McBride*, 583 F.3d at 97.

A reasonable accommodation is one that "enable[s] an individual with a disability who is qualified to perform the essential functions of that position . . . [or] to enjoy equal benefits and privileges of employment as are enjoyed by [ ] other similarly situated employees without disabilities." 29 C.F.R. §§ 1630.2(o)(1)(ii), (iii); *see Limauro v. Consol. Edison Co. of N.Y.*, No. 20-cv-3558 (CM), 2021 WL 466952, at *7 (S.D.N.Y. Feb. 9, 2021). "Typically, the determination of whether a particular modification is 'reasonable' involves a fact specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the disability in question and the cost to the organization that would implement it." *Mary Jo C. v. N.Y. State and Loc. Ret. Sys.*, 707 F.3d 144, 153 (2d Cir. 2013) (quotation marks omitted). This inquiry "often must be resolved by a factfinder." *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94 (2d Cir. 2015). "At the motion to dismiss stage, the [defendant] bears the weighty burden of showing that the fact-intensive inquiry prerequisite to a finding of reasonable accommodation falls completely in its favor." *Goonan v. Fed. Rsrv. Bank of N.Y.*, 916 F. Supp. 2d 470, 482 (S.D.N.Y. 2013). Meanwhile "[a]ll that plaintiffs must do at the motion to dismiss stage is plead the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits." *Shaywitz v. Am. Bd. of Psychiatry and Neurology*, 675 F. Supp. 2d 376, 390 (S.D.N.Y. 2009) (quotation marks omitted).

Here, Plaintiff alleges that prior to returning to work he "requested certain reasonable accommodations for his amputated leg," but that "he was not reasonably accommodated." Compl. ¶¶ 29-30. Plaintiff does not specifically allege the accommodations he requested prior to his return to the office, but asserts that the requests were not honored and that instead, "he was

7

put in conditions that were designed to cause him pain and discomfort." *Id.* ¶ 30.  In particular, Plaintiff alleges that he was moved from the MVWBS office to a separate "tiny office outside of the MVBWS actual offices" where there "were shelves under his desk." *Id.*  Plaintiff further alleges that because of this setup, "he could not stretch his legs, which caused him a great deal of pain and his health to deteriorate," and although he requested "to have the shelves under the desk removed," those requests were ignored. *Id.* ¶¶ 30-31.

The City Defendants do not contest that Plaintiff is a person with a disability within the meaning of the ADA, or that the City Defendants are employers covered by the statute and had notice of Plaintiffs disability.  The focus of the City Defendants' motion is that Plaintiff has not adequately alleged that the City Defendants failed to provide Plaintiff with an accommodation that would allow him to perform the essential functions of his job.[2]  Defs.' Mem. at 12-14; ECF No. 158 ("Defs.' Reply") at 2.

In part, the City Defendants argue the accommodation that was provided to Plaintiff upon his return to work—moving him to a "tiny office outside of the MVBWS actual offices" and

---

[2] The City Defendants also argue that the Complaint is deficient because Plaintiff has failed to plead "that [the City] Defendants' failure to make reasonable modifications to their policies, practices and procedures deprived plaintiff of the abilities to access the goods, services, facilities, privileges, advantages or accommodations available to those lacking the plaintiff's disabilities." Defs.' Mem. at 12 (quotation marks omitted).  But this standard applies in the context of claims pursuant to Title III of the ADA, which prohibits discrimination against individuals with disabilities in public accommodations.  *See* 42 U.S.C. § 12182.  Plaintiff's allegations here are for employment discrimination pursuant to the ADA, and such claims arise under Title I of the statute.  *See* 42 U.S.C. § 12112.  Indeed, the case cited by the City Defendants regarding this point involved a plaintiff who had been a *patient* at a hospital, not an *employee* there, and the court made clear that the plaintiff's claims arose under Title III of the ADA.  *See Andersen v. N. Shore Long Island Jewish Healthcare Sys.'s Zucker Hillside Hosp.*, No. 12-cv-1049 (JFB) (ETB), 2013 WL 784391, at *6 (E.D.N.Y. Jan. 23, 2013), *adopted as modified by* 2013 WL 784344 (E.D.N.Y. Mar. 1, 2013).  Accordingly, the City Defendants' arguments regarding "policies, practices, and procedures" is irrelevant to the Court's determination of this motion.

8

placing him at a desk with shelves underneath "so he could not stretch his legs"—was reasonable. But whether an accommodation is reasonable is a fact-specific inquiry that is inappropriate on a motion to dismiss or a motion for judgment on the pleadings. *See, e.g.*, *Garces v. N.Y.C. Hous. Auth.*, No. 16-cv-2811 (LTS), 2017 WL 3025888, at *5 (S.D.N.Y. July 17, 2017) (denying motion to dismiss where the "only issue in dispute is whether [d]efendant has failed to provide [p]laintiff with a reasonable accommodation" because "[w]hether an accommodation is reasonable is a 'fact-specific' inquiry and must be determined 'on a case-by-case basis'" (quoting *Wernick v. Fed. Rsrv. Bank of N.Y.*, 91 F.3d 379, 385 (2d Cir. 1996))).

Moreover, construing all reasonable inferences that can be drawn from the Complaint in the light most favorable to Plaintiff, *see Arar*, 585 F.3d at 567, Plaintiff has plausibly alleged that the accommodation provided by the City Defendants prevented him from performing the essential functions of his job. As set forth in the Complaint, Plaintiff's left leg was surgically amputated below his knee months before he returned to work. *See* Compl. ¶ 17. Plaintiff alleged that the "shelves under his desk" in the "tiny office" that he was moved to upon his return to work prevented him from being able to sit comfortably post-surgery and "caused him a great deal of pain."[3] *Id.* ¶ 30. It is reasonable to infer that the fact that Plaintiff was in "a great deal of pain" at work prevented him from performing the essential functions of his job, and that the

---

[3] The City Defendants cite to Exhibit I to the Johnson Affirmation in support of the proposition that the notice of claim filed by Plaintiff in 2018 "makes no mention of the smaller office," Defs.' Mem. at 12, presumably in an attempt to demonstrate that Plaintiff had not, at that time, connected the smaller office with any claim of disability discrimination. The Court declines to draw any conclusion from the notice of claim at this stage, particularly because the notice of claim states broadly that upon his return to work, Plaintiff was "subjected [to] a hostile work environment and [ ] treated differently than similarly situated non-disabled individuals." Johnson Aff. Ex. I at 2. While Plaintiff may not have alleged specific facts in the notice of claim—which he served on the City for purposes of initiating a separate action in state court—he has done so in the Complaint.

further accommodations that Plaintiff requested—moving him back into the office of the MVBWS, and having the shelves under his desk removed, *see* Compl. ¶ 31—may have alleviated his pain and enabled him to perform his job functions more effectively. Facially, at least, this appears to be a "plausible accommodation," the costs of which "do not clearly exceed its benefits." *See Shaywitz*, 675 F. Supp. 2d at 390. "Whether or not Plaintiff will ultimately be able to prove these allegations, they are sufficient to plead his cause of action for failure to reasonably accommodate his disability." *See Garces*, 2017 WL 3025888, at *5; *Limauro*, 2021 WL 466952, at *8 (noting that "[c]ourts have granted *summary judgment* to defendant employers when the plaintiff failed to show why a request for accommodation was necessary for the job" (emphasis in original)).

For all of these reasons, the City Defendants' motion for judgment on the pleadings as to the second cause of action is DENIED with respect to the City Defendants.

### 2. Discrimination on the Basis of Disability Pursuant to the ADA

The third cause of action in the Complaint alleges that the City Defendants violated the ADA by discriminating against Plaintiff on the basis of his disability. "To state a claim for discrimination under the ADA, a plaintiff must allege facts which plausibly suggest, *inter alia*, that [he or she] suffered an adverse employment action because of [his or her] disability." *Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23, 25 (2d Cir. 2014) (summary order) (cleaned up).

Plaintiff has not offered any arguments in opposition to the City Defendants' motion as to this claim. *See* ECF No. 157 ("Pl.'s Opp."). "[W]hen a party fails adequately to present arguments in a brief, a court may properly consider those arguments abandoned, especially in the case of a counseled party[,] where a court may infer from a party's partial opposition that

10

relevant claims or defenses that are not defended have been abandoned." *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021) (summary order) (cleaned up). Courts within this district routinely dismiss with prejudice claims at the motion to dismiss stage that are not defended and deemed abandoned. *See, e.g.*, *Alterescu v. N.Y.C. Dep't of Educ.*, No. 21-cv-925 (KPF), 2022 WL 3646050, at *4 (S.D.N.Y. Aug. 23, 2022); *Constr. Laborers Pension Tr. for S. Cal. v. CBS Corp.*, 433 F. Supp. 3d 515, 531 (S.D.N.Y. 2020). Accordingly, Plaintiff's third cause of action is DISMISSED against the City Defendants.

### 3. First Amendment Retaliation

Where a plaintiff claims that he was retaliated against in violation of the First Amendment, he must plausibly allege that (1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this action and the protected speech. *See Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018); *Raymond v. City of New York*, 317 F. Supp. 3d 746, 772 (S.D.N.Y. 2018). Again, Plaintiff has chosen not to oppose the motion for judgment on the pleadings concerning this claim. *See* Pl.'s Opp. Plaintiff's fourth cause of action is therefore DISMISSED against the City Defendants.

## III. CONCLUSION

For the forgoing reasons, the City Defendants' motion for judgment on the pleadings (ECF No. 154) is GRANTED IN PART and DENIED IN PART. Plaintiff's only remaining claim in this matter is his second cause of action against the City Defendants. The City Defendants' counterclaim against Plaintiff also remains intact and has not been affected by any of the motion practice to date.

A telephonic status conference is hereby scheduled for October 21, 2022 at 10:00 a.m. To access the teleconference, please follow these directions: (1) dial the meeting number: (877) 336-1831; (2) enter the access code: 2751700; and (3) press pound (#) to enter the teleconference as a guest.  Should counsel experience any technical issues with the teleconferencing system, please contact Chambers at 914-390-4070.

In advance of the conference, counsel must meet and confer to discuss a schedule for all fact depositions in this matter.  By October 19, 2022, the parties must submit a joint proposed deposition schedule to the Court via ECF, with specific dates, times, and locations for all anticipated depositions; the schedule must provide for completion of all fact depositions before the end of December 2022.  This should be the only fact discovery remaining.  *See* ECF Minute Entry, dated March 3, 2022.  If the parties cannot agree on a joint schedule, they may submit competing proposals by October 19, 2022 instead.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 154.

Dated: September 30, 2022
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge